# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JAIME BARROGA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-1406 |
| | § | |
| BEST ALPHA, LLC, *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Partial Summary Judgment ("Motion") [Doc. # 14] filed by Plaintiff Jaime Barroga, to which Defendants Alpha Auto Body and Muffler Center filed a Response [Doc. # 17]. Plaintiff neither filed a reply nor requested additional time to do so. Having carefully reviewed the full record and applied governing legal authorities, the Court **denies** Plaintiff's Motion.

Plaintiff filed this lawsuit alleging that his employer failed to pay him overtime wages for all hours over forty (40) that he worked each week. Plaintiff alleges that this failure to pay overtime wages violated the Fair Labor Standards Act ("FLSA"). Defendants assert that the hours Plaintiff claims to have worked and for which he was not paid overtime were not "hours worked" for purposes of the FLSA.

Plaintiff filed his Motion, seeking summary judgment that he was not an exempt employee under the FLSA and that he is entitled to an award of liquidated damages. The Motion is ripe for decision.

Summary judgment is proper only if the record shows that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment on a disputed issue as a matter of law. FED. R. CIV. P. 56. In this case, Defendants have not asserted that Plaintiff is an exempt employee. Indeed, Defendants in their Answer admit that Plaintiff is not an exempt employee. *See* Answer [Doc. # 5], ¶ 23. Consequently, the "exempt employee" issue is not in dispute in this case, and Plaintiff is not entitled to an advisory ruling on the issue.

Under the FLSA, an employer who violates the overtime provisions is liable for liquidated damages. *See* 29 U.S.C. § 216(b). A district court can decline to award liquidated damages or can award a reduced amount of liquidated damages under the FLSA if the court concludes that the employer acted "in good faith" and had "reasonable grounds" to believe that its actions were in compliance with the FLSA. *See* 29 U.S.C. § 260; *Singer v. City of Waco*, 324 F.3d 813, 822-23 (5th Cir. 2003). In this case, there are genuine issues of material fact regarding whether Defendants violated the overtime provisions of the FLSA in connection with its payment of wages to Plaintiff. Additionally, there are genuine issues of material fact regarding whether

Defendants, if they violated the FLSA, acted in good faith and with reasonable grounds for believing that their actions did not violate the FLSA. As a result, the Court denies Plaintiff's request for summary judgment at this point that he is entitled to an award of liquidated damages. Based on the foregoing, it is hereby

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment [Doc. # 14] is **DENIED**. The case remains scheduled for docket call on May 26, 2011. The parties are reminded that they are required to participate in mediation prior to docket call.

SIGNED at Houston, Texas this **12th** day of **April, 2011**.

_____
Nancy F. Atlas
United States District Judge